NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WEST,<br><br>Plaintiff,<br><br>v.<br><br>TERRY MELESKY and ORTHOPEDIC INSTITUTE OF CENTRAL JERSEY,<br><br>Defendants. | Civil Action No. 22-5424 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court upon *pro se* Plaintiff Michael West's Application to Proceed *In Forma Pauperis* together with Plaintiff's Complaint against Defendants Terry Melesky and Orthopedic Institute of Central Jersey ("OICJ"). (*See* ECF Nos. 1, 1-3.) The Complaint asserts discrimination claims under 42 U.S.C. § 18116, 29 U.S.C. § 794, and 45 C.F.R. §§ 84.4(a) and 92.1-92.203. (ECF No. 1 at 3.[1]) For the reasons set forth below, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**; however, Plaintiff's Complaint is **DISMISSED** without prejudice.

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

I. **BACKGROUND**

This action arises from an alleged dispute in a medical provider's office, presumably an office of OICJ.[2] (ECF No. 1 at 4-5.) Plaintiff was at the medical provider's office "to provide [his] referral to schedule an appointment with the podiatrist, Dr. Hollawell," for Plaintiff's broken toe. (*Id.* at 4.) Plaintiff was aware that this office did not accept Medicaid, however he is covered by Medicare. (*Id.*) Melesky, an employee of the provider, informed Plaintiff that he would not get an appointment because the doctor does not participate in Plaintiff's secondary insurance. (*Id.*)

On September 1, 2022, Plaintiff filed this action, claiming violations of 42 U.S.C. § 18116, 29 U.S.C. § 794, and 45 C.F.R. §§ 84.4(a) and 92.1-92.203 on a theory of disparate-impact discrimination. (*Id.* at 3-4.) He claims that Defendants discriminated against him "based on [his] disabilities because of [Defendants'] disproportionate adverse impact – their policy to exclude persons of a particular socioeconomic status and creed." (*Id.* at 4.) Plaintiff seeks $25,000.00 in compensatory damages. (*Id.* at 5.)

II. **LEGAL STANDARD**

To avoid paying the filing fee for a civil case in the United States District of New Jersey, a litigant may apply to proceed *in forma pauperis*. In considering applications to proceed *in forma pauperis*, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

---

[2] OICJ is the only medical provider identified in the Complaint.

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [("Rule")] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The Court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the Court must determine whether the well-pleaded facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that

the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), 8(a)(2), 8(d).

### III. DISCUSSION

#### A. Application to Proceed *In Forma Pauperis*

Plaintiff has stated the facts concerning his poverty with a sufficient degree of particularity, definiteness, and certainty. He has indicated that he has a total of $35.36 on hand, with a monthly income of $1,804.00 and monthly expenses totaling $1,710.00. (ECF No. 1-3 at 1-5.) Plaintiff has sufficiently shown his indigent status. Accordingly, Plaintiff may proceed *in forma pauperis*.

#### B. Dismissal Under 28 U.S.C. § 1915(e)

Plaintiff asserts claims under 42 U.S.C. § 18116, 29 U.S.C. § 794, and 45 C.F.R. §§ 84.4(a) and 92.1-92.203. (ECF No. 1 at 3.) 42 U.S.C. § 18116 states that, "an individual shall not . . . on the ground prohibited by . . . [29 U.S.C. § 794], be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance."[3] It further states that "[t]he enforcement mechanisms provided for and available under . . . [29 U.S.C. § 794] . . . shall apply for purposes of violations of this subsection." 42 U.S.C. § 18116. "[R]emedies available under [29 U.S.C. § 794] shall be the same remedies available under Title VI of the Civil Rights Act of 1964." *S.H. ex rel. Durell v. Lower Merion School Dist.*, 729 F.3d 248, 260-61 (3d Cir. 2013); *see also* 29 U.S.C. 794a(a)(2). "[P]rivate individuals who [bring] suit under Title VI [cannot] recover compensatory relief in the absence of a showing of intentional discrimination." *Id.* at 261 (citing

---

[3]   42 U.S.C. § 18116 also prohibits discrimination on the grounds prohibited under Title VI of the Civil Rights Act of 1964, Title IX of the Education amendments of 1972, and the Age Discrimination Act of 1975. These statutes bar discrimination based on race, sex, and age, respectively. *See* 42 U.S.C. § 2000d; 20 U.S.C. § 1681; 42 U.S.C. § 6101. Plaintiff has alleged discrimination based only on disability. (*See* ECF No. 1 at 3.)

*Guardians Ass'n v. Civil Serv. Comm'n of City of New York*, 463 U.S. 582, 597, 607 (1983)); *see also Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001). Thus, "claims for compensatory damages under [29 U.S.C. 794] . . . also require a finding of intentional discrimination." *S.H. ex rel. Durell*, 729 F.3d at 261.

In this case, Plaintiff has not alleged any form of intentional discrimination. In fact, Plaintiff's Complaint states only that he was the victim of "disparate impact discrimination." (ECF No. 1 at 4.) Without alleging intentional discrimination, Plaintiff may not seek compensatory damages under 29 U.S.C. § 794 or, by extension, 42 U.S.C. § 18116.

Plaintiff has also claimed violations under 45 C.F.R. §§ 84.4(a) and 92.1-92.203. (*See* ECF No. 1 at 3.) The purposes of 45 C.F.R. § 84 *et seq.* and 45 C.F.R. § 92 *et seq.* are to provide for the enforcement of 29 U.S.C. § 794 and 42 U.S.C. § 18116, respectively. 45 C.F.R. § 84.1; 45 C.F.R. § 92.1. When the Court finds that a statute under which a federal regulation is promulgated implies no private right of action, "[n]o private right of action may be implied [under the federal regulation] since an agency's rulemaking power cannot exceed the authority granted to it by congress." *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 947 (3d Cir. 1985). Therefore, because the Court has determined that Plaintiff may not bring a claim under 29 U.S.C § 794 or 42 U.S.C. § 18116, he is likewise precluded from bringing a claim under 45 C.F.R §§ 84(a) and 92.1-92.203.

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6), and Plaintiff's Complaint will be dismissed without prejudice pursuant to 28 U.S.C. 1915(e).

### IV.     CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; however, Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies set forth in this Opinion. An appropriate Order follows.

Dated: July 19, 2023

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**